IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD and JANET BROOKE, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 11-2418 |
| | : | |
| v. | : | |
| | : | |
| J&J PAINTING, et al., | : | |
| | : | |
| Defendants. | : | |

**Jones, II, J.**                                                                                                          **May 31, 2011**

<u>**MEMORANDUM**</u>

Plaintiffs Richard Brooke and his wife Janet Brooke assert state law claims for negligence and loss of consortium, relating to injuries allegedly suffered by Richard Brooke when he fell on the premises of a Days Inn in Hillsborough, New Jersey on January 29, 2009. Presently before the Court is Defendant Shree Ganeshai, Inc.'s Motion to Transfer to the District of New Jersey (Dkt. No. 2) ("Motion"), as well as Plaintiffs' Opposition thereto (Dkt. No. 4) ("Opp."). For the reasons set forth below, the Motion will be GRANTED and the action will be TRANSFERRED to the United States District Court for the District of New Jersey.

**I.      PROCEDURAL BACKGROUND**

On September 15, 2010, Plaintiffs filed a complaint in the Court of Common Pleas of Philadelphia County against Days Inn, Days Inn Hillsborough, the Hillsborough Executive Days Inn, Wyndham Worldwide Operations, Inc., J&J Painting, Shree Ganeshai, Inc. d/b/a Hillsborough Motel Days Inns, and Shree Ganeshay ICR Corp. d/b/a Days Inn (September Term, 2010, No. 01359) ("Pennsylvania State Court Action"). (Ex. A to Dkt. No. 1.) On January 3,

2011, the parties executed and filed a stipulation amending the caption and substituting Shree Ganeshai, Inc. d/b/a Days Inn (the owner and operator of the Hillsborough Days Inn) ("Ganeshai"), as a party defendant for Days Inn Hillsboro, the Hillsborough Executive Days Inn, Shree Ganeshai Inc. d/b/a Hillsborough Motel Days Inn and Shree Ganeshay ICR Corp. d/b/a Days Inn.  (Ex. B to Dkt. No. 1.)  On January 3, 2011, the parties stipulated to the dismissal of Days Inn (the only Philadelphia county defendant, located at 4200 Roosevelt Boulevard) as a defendant with prejudice.  (Ex. C to Dkt. No. 1.)

On January 18, 2011, Plaintiffs filed a separate complaint against Ganeshai, J&J Painting and Wyndham Worldwide Operations, Inc. in the United States District Court for the District of New Jersey (Civ. No. 11-251), asserting the same claims as in this action ("New Jersey Federal Court Action").  (Ex. E to Dkt. No. 1.)  The New Jersey Federal Court Action remains pending.[1]

On April 6, 2011, the parties stipulated to the dismissal of Wyndham Worldwide Operations, Inc. as a defendant with prejudice from the Pennsylvania State Court Action.  (Ex. D to Dkt. No. 1.)  On April 7, 2011, Ganeshai removed the Pennsylvania State Court Action to this Court.  (Dkt. No. 1.)[2]

Plaintiffs are Pennsylvania citizens.  (Dkt. No. 1 ¶ 6.)  The remaining Defendants to this action–Ganeshai and J&J Painting ("Defendants")–are New Jersey citizens.  (Dkt. No. 1 ¶¶ 7-8, 10.)  Plaintiffs do not contest that complete diversity of citizenship exists between them and

---

[1]Plaintiffs had in fact previously filed a complaint against many of the same defendants in the United States District Court for the District of New Jersey on January 6, 2011 (Civ. No. 11-0061).  However, that action was dismissed *sua sponte* by our sister court for failure to properly plead diversity of citizenship.

[2]J&J Painting executed written consent to removal.  (Ex. F to Dkt. No. 1.)

Defendants in this case, nor that the amount in controversy exceeds the sum of $75,000. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## II. VENUE PROPER IN TRANSFEREE DISTRICT

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Thus, before undertaking any further consideration of transferring this case to the District of New Jersey, the Court must first determine whether such transfer may be permitted. However, neither party disputes that this action "might have been brought" in the District of New Jersey on the basis of diversity of citizenship, and the Court agrees. *See* 28 U.S.C. § 1391(a)**.**[3]

## III. SECTION 1404(A) FACTORS

In accordance with 28 U.S.C. § 1404(a), once it establishes that venue would be proper in the proposed transferee district, the Court is required to conduct a balancing test and weigh a number of factors in deciding whether the "'interests of justice [would] be better served by a transfer to a different forum.'" *Jumara*, 55 F.3d at 879 (quoting 15 WRIGHT, MILLER & COOPER § 3847). With no "definitive formula or list of the factors to consider," the Third Circuit in *Jumara*

---

[3]According to Plaintiffs, "Defendant has incorrectly asserted that Plaintiffs have acknowledged that the District of New Jersey is the *appropriate* venue for this case simply by filing a savings action in the District of New Jersey" (emphasis added); Plaintiffs reiterate that their "chosen forum is Philadelphia, as this is the venue where Plaintiff first elected to pursue this action." Opp. at 7. However, while they contend that the Eastern District of Pennsylvania is the more "appropriate" venue, Plaintiffs cannot and do not argue that this action could not have been brought in the District of New Jersey. *See* New Jersey Federal Court Action (identical action against same defendants invoking subject matter jurisdiction of New Jersey federal court).

outlined a framework to apply when considering a motion to transfer venue under § 1404(a). *Id.* (internal citation omitted). The *Jumara* factors include: "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to sources of proof, but only to the extent that the proof could not be produced in one of the fora; (5) the convenience of the parties, as demonstrated by financial condition and physical location; (6) the convenience of the witnesses, but only to the extent that they are actually unavailable for trial in one of the fora; and (7) the public interest in deciding local controversies at home." *Gent v. Pa. State Univ.*, Civ. No. 05-5125, 2006 WL 1686652, at *1 (E.D. Pa. June 14, 2006) (citing *Jumara*, 55 F.3d at 879). The public interest factors, in turn, include the "relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation." *Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D.Pa. 2000) (citations omitted); *see also Jumara*, 55 F.3d at 879.

    A.    **Private Interest Factors**

With regard to the first two *Jumara* factors, the parties are clear–Plaintiffs chose the Eastern District of Pennsylvania for their forum, while Defendants would prefer the District of New Jersey. A plaintiff's choice of forum is typically entitled to substantial deference. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970). However, that choice "carries less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based." *Reed v. Weeks Marine, Inc.*, 166 F. Supp. 2d 1052, 1057 (E.D. Pa. 2001) (citing *Shutte*, 431 F.2d at 25; *Jordan v. Delaware & Hudson Railway Co.*, 590 F. Supp. 997, 998 (E.D. Pa.1984)). Plaintiffs reside in Indiana County, in the Western

District of Pennsylvania, and the alleged injuries were sustained in New Jersey. *See* 28 U.S.C. § 118(c) (setting forth counties that comprise Western District of Pennsylvania). Accordingly, the first two factors taken together still weigh in favor of maintaining this action in the Eastern District of Pennsylvania, but not heavily; the third factor weighs in favor of transfer to the District of New Jersey. *See New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa.1981) ("the force of the [plaintiff's preference] rule is substantially attenuated where the chosen forum is not the plaintiff's place of residence").

As for the fourth *Jumara* factor, proof may be accessed with equal ease from the District of New Jersey or the Eastern District of Pennsylvania. While Ganeshai argues that all evidence is located within the District of New Jersey, he does not specify what that evidence is, or why it would not be available for review through electronic or written transmission. Given that this appears to be a standard personal-injury action, the parties have already exchanged a significant amount of written discovery, and both parties are in possession of the photographs of the area where the incident occurred, this factor weighs neither in favor of transfer nor against it.

The fifth *Jumara* factor considers the inconvenience of a given forum to the parties. Since Plaintiffs are willing to travel from the Western District of Pennsylvania to the Eastern District, it is only minimally more inconvenient for them to travel on to the District of New Jersey. However, Plaintiffs also assert that if this matter is transferred to the District of New Jersey, both parties will be forced to incur "substantially" higher costs in order to have their attorneys travel to New Jersey, as both parties' counsels are located in the Philadelphia area. Plaintiffs also claim they will incur additional costs to have their liability expert travel from the Philadelphia region to New Jersey. As both parties will be equally inconvenienced in terms of

their attorneys' travel to either forum, and the fora are extremely close to each other, this factor weighs only slightly against transfer. *See Standard Knitting, Ltd. v. Outside Design, Inc.*, Civ. No. 00-2288, 2000 WL 804434 (E.D. Pa. June 23, 2000) (location of plaintiff's counsel in plaintiff's chosen forum is, on its own, insufficient justification for maintaining venue).

Considering the sixth *Jumara* factor, witnesses in this action similarly would be equally inconvenienced–and only slightly–by either forum. Ganeshai contends that because many of the witnesses reside in New Jersey, it would be inconvenient for them to travel to Philadelphia. As Plaintiffs point out, however, any such witnesses would only need "to travel an extra hour to Philadelphia to testify at trial." Opp. at 5. By the same token, Plaintiffs' witnesses, who are located in the Western District of Pennsylvania, would only need to travel an additional hour to testify in New Jersey; either party's witnesses may well testify by videoconference. In any event, convenience of the witnesses matters "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879 (citation omitted). There is no evidence that any of Defendants' witnesses will be unable to travel to Philadelphia for trial; indeed, they were already produced for depositions in the Eastern District of Pennsylvania. Similarly, there is no evidence that any of Plaintiffs' witnesses would be unable to travel to New Jersey for trial. Accordingly, this factor does not weigh in favor of either venue. *See Travelers Indem. Co. v. E.F. Corp.*, Civ. No. 95-5660, 1997 WL 135819, at *8 (E.D. Pa. Mar. 17, 1997) (finding no reason why books, records and witnesses could not be as easily produced in Camden, New Jersey as in Easton, Pennsylvania).

**B.    Public Interest Factors**

While private interests thus weigh slightly in favor of maintaining this action in the

Eastern District of Pennsylvania, *Jumara*'s public interest factors weigh heavily in favor of transferring venue to the District of New Jersey. While neither party argues that one forum shoulders a more congested docket than the other, the efficient and consistent resolution of this litigation would certainly be bolstered by transfer to the District of New Jersey, where this action may be consolidated with the identical one already pending there. *See id.* (quoting *Blender v. Sibley*, 396 F. Supp. 300, 305 (E.D. Pa. 1975) (the "presence of a related case in the transferee forum is a powerful reason to grant a change of venue.")). "Indeed, '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404 was designed to prevent.'" *E.F. Corp.*, 1997 WL 135819 at *8 (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)).

As discussed above, the alleged accident giving rise to Plaintiffs' claims occurred in New Jersey; there is no reason why this Court or jurors from this District should bear the burden of overseeing the resolution of this dispute between companies from New Jersey and individuals from the Western District of Pennsylvania. New Jersey has the stronger local interest in deciding cases concerning the safety of its hotels and the conduct within its state borders. Whatever interest the state of Pennsylvania may have in deciding this case, this District does not share it.

In addition, New Jersey law will likely apply to this case, given New Jersey's strong interest in the case and Pennsylvania's minimal interests.[4] *See Durkin v. Paccar, Inc.*, Civ. No.

---

[4]The Court here does not reach the actual analysis of applicable substantive law. This issue has yet to be fully briefed or argued. *See Durkin*, 2010 WL 176851 at *7 (noting likely applicability of New Jersey state law to negligence claims in diversity action, without determining such applicability).

09-4892, 2010 WL 176851, at *7 (E.D. Pa. Jan. 19, 2010) (citing *Cipolla v. Shaposka*, 267 A.2d 854, 855 (Pa. 1970) (noting that Pennsylvania applies the governmental interest approach to choice of law matters); *Van Dusen v. Barrack*, 376 U.S. 612 (1964) (holding that when a defendant successfully moves for a change of venue under 28 U.S.C. § 1404(a), the transferee court must apply the choice of law rule that would have been followed in the transferor court); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941) (holding that federal courts must apply the same choice of law rule that would apply in the courts of the state in which the federal court sits); *Erny v. Estate of Merola*, 792 A.2d 1208, 1212-13 (N.J. 2002) (noting that New Jersey applies the governmental interest approach to choice of law matters)). The New Jersey federal court's greater familiarity with New Jersey law thus further supports transfer to that district. *Durkin*, 2010 WL 176851 at *7 (transferring diversity negligence action from Eastern District of Pennsylvania to District of New Jersey). Taken together, the public interest factors weigh heavily towards transferring this case to the District of New Jersey, and this Court will act accordingly.

In light of the foregoing, the Court will grant Ganeshai's Motion and transfer this action to the United States District Court for the District of New Jersey. An appropriate Order follows.